UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X        Case No.
TOBENNA ERIKE and CHIKEZIE NWANKWO,

                                                           Plaintiffs

-against-

CITY OF NEW YORK, P.O. ANDRE DURANT,
Shield #4171, JOHN DOE #1 (real name unknown, the
person intended being the male officer who pushed
Tobenna Erike out of the bar to where he was promptly
taken into custody), JOHN DOE #2, (real name unknown,
the person intended being one of the first two officers
who seized Tobenna Erike when he was pushed out of the bar),
JANE DOE #1 (real name unknown, the person intended
being one of the first two officers who seized Tobenna
Erike when he was pushed out of the bar), P.O. De LaCRUZ,
JOHN DOE #3 (real name unknown, the person intended
being an Asian-looking officer at the police precinct who
was taunting plaintiffs), JANE DOE #2, (real name unknown,
the person intended being the person who filed the false
report with the police that plaintiffs stole her credit cards
and cell phone on or about October 27, 2024,

                                                          Defendants

-----------------------------------------------------------------------X        **COMPLAINT**

Plaintiffs, by their attorneys, LAW OFFICES OF K.C. OKOLI, P.C., complaining of the defendants, state and allege as follows:

JURISDICTION AND VENUE

1.    This action is brought pursuant to the Civil Rights Acts, 42 U.S.C. §1983, for violation of the plaintiffs' civil and constitutional rights guaranteed by the Fourth Amendment to the United States Constitution; pursuant to the Equal Benefits Clause of 42 U.S.C §1981; and pursuant to the common law of the State of New York for false arrest, false imprisonment, and malicious prosecution.

2.    The jurisdiction of the court is invoked to secure the protection, and redress

the deprivation of plaintiffs' rights guaranteed to persons by the Fourth, and Fourteenth Amendments to the Constitution of the United States.

3. Venue is proper in the Southern District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred in the County of New York within the Southern District.

## PARTIES

4. At all times hereinafter mentioned, plaintiff, Tobenna Erike ("ERIKE"), was a resident of the State of New York.

5. At all times hereinafter mentioned, plaintiff, Chikezie Nwankwo ("NWANKWO"), was a resident of the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, defendant, the CITY OF NEW YORK (hereinafter, "CITY"), was a municipal corporation established under and by virtue of the laws of the State of New York.

7. Defendant P.O. Andre Durant ("DURANT"), was the police officer who promptly seized and searched NWANKWO outside of NIAGARA Bar on or about October 27, 2024.

8. JOHN DOE #1 is the Black male police officer who pushed ERIKE out of the bar to where ERIKE was promptly seized, and then taken into police custody by JOHN DOE #2 and JANE DOE #1.

9. JOHN DOE #2 is a White male police officer who, with JANE DOE #1, took ERIKE into police custody on October 27, 2024.

10. JANE DOE #1 is the White female police officer who, with JOHN DOE #2, took ERIKE into police custody on October 27, 2024.

2

11. P.O. De LaCruz ("De LaCRUZ") is the Hispanic police officer at the police precinct who, when plaintiffs complained about why they were being treated like criminals, responded: "When you're a criminal, you get treated like one."

12. JOHN DOE #3 is an Asian-looking police officer at the police precinct where ERIKE and NWANKWO were taken following their seizure and arrest, and who was taunting and making fun of plaintiffs.

13. Upon information and belief, JANE DOE #2 was the individual who falsely informed law enforcement officers, that ERIKE and NWANKWO had stolen her credit cards and mobile telephone from inside St. Dymphna's, a bar located at 117 Avenue A, New York, New York, across the street from where ERIKE and NWANKWO were seized and taken into custody on October 27, 2024.

## MATERIAL ALLEGATIONS

14. At all times hereinafter mentioned, the CITY maintained, operated, controlled and supervised a Police Department, the New York City Police Department ( "NYPD").

15. At all times hereinafter mentioned, the individual defendants, DURANT, JOHN DOE #s 1, 2 and 3, JANE DOE #1, and P.O. De LaCruz were law enforcement officers employed by the NYPD.

16. At all times hereinafter mentioned, the NYPD employed law enforcement officers, including the aforementioned law enforcement officers, who performed law enforcement duties for and on behalf of the CITY within the CITY's territorial limits.

17. At all times hereinafter mentioned, the aforementioned law enforcement officers were acting in the course and within the scope of their employment as agents or employees of the CITY and NYPD.

18. At all times hereinafter mentioned, the aforementioned law enforcement

3

officers were acting under color of the statutes, ordinances, regulations, customs and usages of the NYPD, the CITY and State of New York, and under the authority of their respective offices as law enforcement officers.

19. At all relevant times, JANE DOE #2, was acting in concert with the aforesaid law enforcement officers for the arrest and detention of Plaintiffs ERIKE and NWANKWO.

20. As a result of the aforesaid false allegation of theft against ERIKE and NWANKWO by JANE DOE #2, both ERIKE and NWANKWO were seized and detained, in violation of their rights guaranteed under the Fourth Amendment to the United States Constitution.

21. Despite the immediate search of ERIKE and NWANKWO conducted by the defendants upon their seizure which yielded no stolen items, and later at the police precinct, no stolen items were ever found on the Plaintiffs let alone the reported stolen credit cards and mobile phone.

22. ERIKE and NWANKWO were at St. Dymphna's at the invitation of one Benjamin Strauss, ERIKE's client who was having a birthday party.

23. ERIKE and NWANKWO observed that at Benjamin Strauss's birthday party at St. Dymphna's, plaintiffs were the only Black/African American men in attendance at Benjamin Strauss's party.

24. ERIKE graduated from the State University of New York at Buffalo with a Bachelor of Art degree in Sociology, and earned a double Master of Public Health and a Master of Business Administration degrees from Rutgers University.

25. ERIKE has ISSA certifications in Personal Training, Fitness Instruction and Nutrition.

26. ERIKE is also an Adjunct Professor at Middlesex College, Edison, New Jersey.

27. ERIKE is thirty-five (35) years of age.

28. NWANKWO graduated from the State University of New York ("SUNY") at Buffalo with a Bachelor of Science degree in Chemistry.

29. NWANKWO is a trained Baritenor, and a graduate of AMDA College and Conservatory of the Performing Arts.

30. NWANKWO has worked and featured in Theatre, Film/TV and Cabaret, and is currently employed at the Metropolitan Opera, New York.

31. NWANKWO is thirty-five (35) years of age.

32. ERIKE had ever been arrested in his life until October 27, 2024.

33. NWANKWO had previously been arrested once in college for joyriding with other students in a vehicle belonging to the college, but was never convicted of any crime.

34. The arrest of ERIKE and NWANKWO occurred in the presence of bar patrons, random onlookers and the general public who plaintiffs had never seen before.

35. Notices of Claim had been duly served upon the CITY on behalf of the plaintiffs.

36. Defendant CITY has not settled or otherwise resolved plaintiffs' claims.

AS AND FOR A FIRST CAUSE OF ACTION (Unlawful Seizure NWANKWO)

37. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "36" as if fully set forth herein.

38. On or about October 27, 2024, at approximately 2:45 AM, ERIKE and NWANKWO had just left St. Dymphna's and went across to another bar, NIAGARA, located at 112 Avenue A in Manhattan, to continue enjoying their night out.

39. Shortly after arriving at NIAGARA, NWANKWO was invited out of the bar by someone NWANKWO thought was a bouncer at NIAGARA.

40. As soon as NWANKWO stepped out of NIAGARA, he was seized and taken into custody and searched by DURANT without being told why he was being seized and searched.

41. NWANKWO did not learn the reason he was taken into custody and searched until much later at the police precinct where he was told that he had stolen credit cards and a cell phone belonging to JANE DOE #2, a patron/customer at St. Dymphna.

42. NWANKWO did not steal anything from anyone, and none of the purportedly stolen items was ever found on NWANKWO.

43. NWANKWO remained in police custody until approximately 8:30 AM on October 27, 2024 when he was issued a Desk Appearance Ticket by DURANT.

45. By reason of the foregoing, plaintiff NWANKWO has suffered loss and damage.

AS AND FOR A SECOND CAUSE OF ACTION (Unlawful Seizure ERIKE)

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "45" as if fully set forth herein.

47. Immediately after NWANKWO was seized and taken into custody, ERIKE was pushed out from NIAGARA by JOHN DOE #1, and immediately seized and taken into custody by JANE DOE #1 and JOHN DOE #2.

48. At the time that ERIKE was seized, searched and taken into custody, none of the police officer defendants told ERIKE why he was seized, searched and taken into custody.

49. ERIKE was promptly searched by the defendants in front of NIAGARA Bar without any contraband being recovered from him.

50. ERIKE remained in police custody until approximately 8:30 AM on October 27, 2024 when he was issued a Desk Appearance Ticket by DURANT.

51. By reason of the foregoing, plaintiff ERIKE has suffered loss and damage.

<u>AS AND FOR A THIRD CAUSE OF ACTION (Common Law False Arrest)</u>

52. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "51" as if fully set forth herein.

53. Defendants arrested and detained NWANKWO and ERIKE without reasonable or probable cause to believe that plaintiffs had stolen any credit cards or cell phone from anyone on or about October 27, 2024.

54. NWANKWO and ERIKE did nothing to warrant the defendants' continued detention of them after their unlawful seizure at NIAGARA by the defendants.

55. By reason of the foregoing, Plaintiffs have suffered loss and damage.

<u>AS AND FOR A FOURTH CAUSE OF ACTION (Common Law Battery)</u>

56. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "55" as if fully set forth herein.

57. ERIKE did not consent to JOHN DOE #1 shoving him out of NIAGARA immediately before he was seized and taken into custody by JANE DOE #1 and JOHN DOE #2.

58. JOHN DOE #1's shoving of ERIKE was intentional in that JOHN DOE #1 intended to shove ERIKE to where ERIKE would be seized by JANE DOE #1 and JOHN DOE #2.

59. By reason of the foregoing, ERIKE has suffered loss and damage.

AS AND FOR A FIFTH CAUSE OF ACTION (ERIKE Malicious Prosecution)

60. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "59" as if fully set forth herein.

61. Defendants commenced the criminal prosecution of ERIKE without reasonable or probable cause to believe that ERIKE was guilty of the crimes of stealing a cell phone and credit cards for which he was being prosecuted .

62. Defendants continued the prosecution of ERIKE with malice.

63. The aforesaid criminal prosecution of ERIKE terminated in ERIKE's favor on or about March 6, 2025.

64. By reason of the foregoing, ERIKE has suffered loss and damage.

AS AND FOR A SIXTH CAUSE OF ACTION (NWANKWO Malicious Prosecution)

65. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "64" as if fully set forth herein.

66. Defendants commenced the criminal prosecution of NWANKWO without reasonable or probable cause to believe that NWANKWO was guilty of the crimes of stealing a cell phone and credit cards for which he was being prosecuted.

67. Defendants continued the prosecution of NWANKWO with malice.

68. The aforesaid criminal prosecution of NWANKWO terminated in NWANKWO's favor on or about March 21, 2025.

AS AND FOR A SEVENTH CAUSE OF ACTION: EQUAL PROTECTION VIOLATION

69. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "68" as if fully set forth herein.

70. ERIKE believes that he had been profiled as a Black man and treated the way he was, because ERIKE and NWANKWO were the only Blacks who attended the birthday

8

party of Benjamin Strauss at St. Dymphna's, where the theft for which plaintiffs were unlawfully seized allegedly occurred.

71.     NWANKWO believes that he had been profiled as a Black man and treated the way he was, because NWANKWO and ERIKE were the only Blacks who attended the birthday party of Benjamin Strauss at St. Dymphna's, where the theft for which plaintiffs were unlawfully seized allegedly occurred.

72.     ERIKE and NWANKWO believe that their unlawful seizure and treatment as aforesaid is a violation of their right as Black men under the Equal Benefits Clause of 42 U.S.C. §1981.

73.     Plaintiffs felt extremely humiliated by the aforesaid treatment meted to them by the defendants in full public view.

74.     By reason of the foregoing, Plaintiffs have suffered loss and damage.

75.     Plaintiffs demand a jury trial for all matters triable by jury.

**WHEREFORE**, Plaintiffs request that the Court grant the following reliefs:

a)     On the First Cause of Action, compensatory damages in the sum of One Million Dollars ($1,000,000.00);

b)     On the Second Cause of Action, compensatory damages in the sum of One Million Dollars ($1,000,000.00);

c)     On the Third Cause of Action, compensatory damages in the sum of Two Million Dollars ($2,000,000.00);

d)     On the Fourth Cause of Action, compensatory damages in the sum of One Hundred Thousand Dollars ($100,000.00);

e)     On the Fifth Cause of Action, compensatory damages in the sum of One Million Dollars ($1,000,000.00);

    f)    On the Sixth Cause pf Action, compensatory damages in the sum of One Million Dollars ($1,000,000.00);

    g)    On the Seventh Cause of Action, compensatory damages in the sum of Two Million Dollars ($2,000,000.00);

    h)    Punitive damages against each of the individual defendants in an amount yet to be determined;

    i)    Attorney's fees;

    j)    Such other or further relief, including costs, disbursements and interests, as to this Court shall seem just and proper in the circumstances.

Dated:   New York, New York
           August 21, 2025

                                      **LAW OFFICES OF K.C. OKOLI, P.C.**
                                      Attorneys for Plaintiffs
                                      TOBENNA ERIKE and
                                      CHIKEZIE NWANKWO
                                      5 Penn Plaza, 23rd Floor
                                      New York, New York 10001
                                      (212) 564-8154

                         By:    */s/ K.C. Okoli*
                               K.C. Okoli, Esq.

**FOR SERVICE ON:**

CITY OF NEW YORK
c/o Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007

P.O. ANDRE DURANT, Shield #4171
9th Precinct, NYPD
321 East 5th Street
New York, New York 10003

JOHN DOE #1

One Police Plaza
New York, New York 10038

JOHN DOE #2
One Police Plaza
New York, New York 10038

JANE DOE #1
One Police Plaza
New York, New York 10038

P.O. De LaCRUZ,
9th Precinct, NYPD
321 East 5th Street
New York, New York 10003

JOHN DOE #3
One Police Plaza
New York, New York 10038

JANE DOE #2
Address Unknown