UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X Case No. 25 Civ. 06908 (AKH)
TOBENNA ERIKE and CHIKEZIE NWANKWO,

Plaintiffs

-against-

CITY OF NEW YORK, P.O. ANDRE DURANT, Shield #4171, ROBERT STEVENS, Tax #970241, CHRISTOPHER SOTO, Tax #974562, JANE DOE #1 (The person intended being female, and one of the first two officers who seized Tobenna Erike when Erike was pushed out of Niagara bar), P.O. RAFAEL DeLaCRUZ, Tax #945652, JASON WU, Tax #947659, OLIVIA WHITMER, SHANNON McNEILL, and CLARA WEBER,

Defendants
-----------------------------------------------------------------X **AMENDED COMPLAINT**

Plaintiffs, by their attorneys, LAW OFFICES OF K.C. OKOLI, P.C., complaining of the defendants, state and allege as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Civil Rights Acts, 42 U.S.C. §1983, for violation of the plaintiffs' civil and constitutional rights guaranteed by the Fourth Amendment to the United States Constitution; pursuant to the Equal Benefits Clause of 42 U.S.C §1981; and pursuant to the common law of the State of New York for false arrest, false imprisonment, and malicious prosecution.

2. The jurisdiction of the court is invoked to secure the protection, and redress the deprivation of plaintiffs' rights guaranteed to persons by the Fourth, and Fourteenth Amendments to the Constitution of the United States.

3. Venue is proper in the Southern District based upon the fact that the

events or omissions which gave rise to the claims asserted herein occurred in the County of New York within the Southern District.

## PARTIES

4. At all times hereinafter mentioned, plaintiff, Tobenna Erike ("ERIKE"), was a resident of the State of New York.

5. At all times hereinafter mentioned, plaintiff, Chikezie Nwankwo ("NWANKWO"), was a resident of the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, defendant, the CITY OF NEW YORK (hereinafter, "CITY"), was a municipal corporation established under and by virtue of the laws of the State of New York.

7. Defendant P.O. Andre Durant ("DURANT"), was the police officer who promptly seized and searched NWANKWO outside of NIAGARA Bar on or about October 27, 2024.

8. Robert Stevens ("STEVENS") is the Black male police officer who pushed ERIKE out of the bar to where ERIKE was promptly seized, and then taken into police custody by Christopher Soto ("SOTO") and JANE DOE #1.

9. SOTO is a White male police officer who, with JANE DOE #1, took ERIKE into police custody on October 27, 2024.

10. JANE DOE #1 is the White female police officer who, with SOTO, took ERIKE into police custody on October 27, 2024.

11. P.O. De LaCruz ("De LaCRUZ") is the Hispanic police officer at the police precinct who, when plaintiffs complained about why they were being treated like criminals, responded: "When you're a criminal, you get treated like one."

12. Jason Wu ("WU") is an Asian-looking police officer at the police precinct where ERIKE and NWANKWO were taken following their seizure and arrest, and who was taunting and making fun of plaintiffs.

13. Upon information and belief, Olivia Whitmer ("WHITMER"), Shannon McNeill ("McNEILL"), and Clara Weber ("WEBER") were the alleged complaining victims who falsely informed law enforcement officers, that ERIKE and NWANKWO had stolen their personal property while inside St. Dymphna's, a bar located at 117 Avenue A, New York, New York, across the street from where ERIKE and NWANKWO were seized and taken into custody on October 27, 2024.

## MATERIAL ALLEGATIONS

14. At all times hereinafter mentioned, the CITY maintained, operated, controlled and supervised a Police Department, the New York City Police Department ( "NYPD").

15. At all times hereinafter mentioned, the individual defendants, DURANT, DURANT, STEVENS, SOTO, DeLaCRUZ, WU, and JANE DOE #1, were law enforcement officers employed by the NYPD.

16. At all times hereinafter mentioned, the NYPD employed law enforcement officers, including the aforementioned law enforcement officers, who performed law enforcement duties for and on behalf of the CITY within the CITY's territorial limits.

17. At all times hereinafter mentioned, the aforementioned law enforcement officers were acting in the course and within the scope of their employment as agents or employees of the CITY and NYPD.

18. At all times hereinafter mentioned, the aforementioned law enforcement

officers were acting under color of the statutes, ordinances, regulations, customs and usages of the NYPD, the CITY and State of New York, and under the authority of their respective offices as law enforcement officers.

19. At all relevant times, WHITMER, McNEILL and WEBER were acting in concert with the aforesaid law enforcement officers for the arrest and detention of Plaintiffs ERIKE and NWANKWO.

20. As a result of the aforesaid false allegation of theft against ERIKE and NWANKWO by WHITMER, McNEILL and WEBER, both ERIKE and NWANKWO were seized and detained by the law enforcement officers, in violation of their rights guaranteed under the Fourth Amendment to the United States Constitution.

21. Despite the immediate search of ERIKE and NWANKWO conducted by the defendants upon their seizure which yielded no contraband or stolen items, let alone property belonging to the alleged complaining victims, plaintiffs were not promptly released or released in a timely fashion.

22. Later at the police precinct, ERIKE and NWANKWO who had remained in in police custody since their seizure, were again searched and no stolen items were found on them let alone property belonging to any of the" complaining victims."

23. ERIKE and NWANKWO were at St. Dymphna's at the invitation of one Benjamin Strauss, ERIKE's client who was having a birthday party.

24. ERIKE and NWANKWO observed that at Benjamin Strauss's birthday party at St. Dymphna's, plaintiffs were the only Black/African American men in attendance at Benjamin Strauss's party.

25. ERIKE graduated from the State University of New York ("SUNY") at Buffalo with a Bachelor of Art degree in Sociology, and earned a double Master of Public Health and a Master of Business Administration degrees from Rutgers University.

26. ERIKE has ISSA certifications in Personal Training, Fitness Instruction and Nutrition.

27. ERIKE is also an Adjunct Professor at Middlesex College, Edison, New Jersey.

28. ERIKE is thirty-five (35) years of age.

29. NWANKWO graduated from the SUNY at Buffalo with a Bachelor of Science degree in Chemistry.

30. NWANKWO is also a trained Baritenor, and a graduate of AMDA College and Conservatory of the Performing Arts.

31. NWANKWO has worked and featured in Theatre, Film/TV and Cabaret, and is currently employed at the Metropolitan Opera, New York.

32. NWANKWO is thirty-five (35) years of age.

33. ERIKE had ever been arrested in his life until October 27, 2024.

34. NWANKWO had previously been arrested once in college for joyriding with other students in a vehicle belonging to the college, but was never convicted of any crime.

35. The arrest of ERIKE and NWANKWO occurred in the presence of bar patrons, random onlookers and the general public who plaintiffs had never seen before.

36. Plaintiffs were very embarrassed and felt ashamed by the arrest, especially the reason given for the arrest – theft of property!

37. Notices of Claim had been duly served upon the CITY on behalf of the plaintiffs.

38. Defendant CITY has not settled or otherwise resolved plaintiffs' claims.

AS AND FOR A FIRST CAUSE OF ACTION (Unlawful Seizure NWANKWO)

39. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "38" as if fully set forth herein.

40. On or about October 27, 2024, at approximately 2:45 AM, ERIKE and NWANKWO had just left St. Dymphna's and went across to another bar, NIAGARA, located at 112 Avenue A in Manhattan, to continue enjoying their night out.

41. Shortly after arriving at NIAGARA, NWANKWO was invited out of the bar by someone NWANKWO thought was a bouncer at NIAGARA.

42. As soon as NWANKWO stepped outside of NIAGARA, he was seized and taken into custody and searched by DURANT without being told why he was being seized and searched.

43. NWANKWO did not learn the reason he was taken into custody and searched until much later at the police precinct where he was told that he had stolen credit cards and a cell phone belonging to WHITMER, McNEILL or WEBER, who had been patrons/customers at St. Dymphna's.

44. NWANKWO did not steal anything from anyone, and none of the purportedly stolen items was ever found on NWANKWO.

45. NWANKWO remained in police custody until approximately 8:30 AM on October 27, 2024 when he was issued a Desk Appearance Ticket by DURANT.

46. By reason of the foregoing, plaintiff NWANKWO has suffered loss and damage.

AS AND FOR A SECOND CAUSE OF ACTION (Unlawful Seizure ERIKE)

47. Plaintiffs repeat and reallege each and every allegation contained in

paragraphs "1" through "46" as if fully set forth herein.

48. Immediately after NWANKWO was seized and taken into custody, ERIKE was pushed out from NIAGARA by STEVENS, and immediately seized and taken into custody by JANE DOE #1 and SOTO.

49. At the time that ERIKE was seized, searched and taken into custody, none of the police officer defendants told ERIKE why they seized, searched and took him into custody.

50. ERIKE was promptly searched by the defendants in front of NIAGARA Bar without any contraband being discovered on him.

51. ERIKE remained in police custody until approximately 8:30 AM on October 27, 2024 when he was issued a Desk Appearance Ticket by DURANT.

52. By reason of the foregoing, plaintiff ERIKE has suffered loss and damage.

AS AND FOR A THIRD CAUSE OF ACTION (Common Law False Arrest)

53. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "52" as if fully set forth herein.

54. Defendants arrested and detained NWANKWO and ERIKE without reasonable or probable cause to believe that plaintiffs had stolen any credit cards or cell phone from anyone on or about October 27, 2024.

55. NWANKWO and ERIKE did nothing to warrant the defendants' continued detention of them after their initial unlawful seizure at NIAGARA by the defendants.

56. By reason of the foregoing, Plaintiffs have suffered loss and damage.

AS AND FOR A FOURTH CAUSE OF ACTION (Common Law Battery)

57. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "56" as if fully set forth herein.

58. ERIKE did not consent to STEVENS shoving him out of NIAGARA immediately before he was seized and taken into custody by JANE DOE #1 and SOTO.

59. STEVENS' shoving of ERIKE was intentional in that JSTEVEN intended to shove ERIKE to where ERIKE would be seized by JANE DOE #1 and SOTO.

60. By reason of the foregoing, ERIKE has suffered loss and damage.

AS AND FOR A FIFTH CAUSE OF ACTION (ERIKE Malicious Prosecution)

61. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "60" as if fully set forth herein.

62. Defendants commenced the criminal prosecution of ERIKE without reasonable or probable cause to believe that ERIKE was guilty of the crimes of stealing a cell phone and credit cards for which he was being prosecuted .

63. Defendants continued the prosecution of ERIKE with malice.

64. The aforesaid criminal prosecution of ERIKE terminated in ERIKE's favor on or about March 6, 2025.

65. By reason of the foregoing, ERIKE has suffered loss and damage.

AS AND FOR A SIXTH CAUSE OF ACTION (NWANKWO Malicious Prosecution)

66. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "65" as if fully set forth herein.

67. Defendants commenced the criminal prosecution of NWANKWO without reasonable or probable cause to believe that NWANKWO was guilty of the crimes of stealing a cell phone and credit cards for which he was being prosecuted.

68. Defendants continued the prosecution of NWANKWO with malice.

69. The aforesaid criminal prosecution of NWANKWO terminated in NWANKWO's favor on or about March 21, 2025.

AS AND FOR A SEVENTH CAUSE OF ACTION: EQUAL PROTECTION VIOLATION

70. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "69" as if fully set forth herein.

71. After ERIKE an NWANKWO were searched in the vicinity of NIAGARA and nothing incriminating was found on them, they were taken into custody by some of the individual law enforcement officers while others present looked on, without intervening or attempting to stop their colleagues from carrying out what was clearly unlawful and improper seizure of plaintiffs.

72. ERIKE believes that he had been profiled as a Black/African American and treated the way he was, because ERIKE and NWANKWO were the only Black/African Americans who attended the birthday party of Benjamin Strauss at St. Dymphna's, where the theft for which plaintiffs were unlawfully seized allegedly occurred.

73. NWANKWO believes that he had been profiled as a Black/African American and treated the way he was, because NWANKWO and ERIKE were the only Black/African Americans who attended the birthday party of Benjamin Strauss at St. Dymphna's, where the theft for which plaintiffs were unlawfully seized allegedly occurred.

74. ERIKE and NWANKWO believe that their unlawful seizure and treatment as aforesaid is a violation of their right as Black/African American men under the Equal Benefits Clause of 42 U.S.C. §1981.

75. Plaintiffs felt extremely humiliated by the aforesaid treatment meted to them by the defendants in full public view.

76. By reason of the foregoing, Plaintiffs have suffered loss and damage.

77. Plaintiffs demand a jury trial for all matters triable by jury.

**WHEREFORE**, Plaintiffs request that the Court grant the following reliefs:

a) On the First Cause of Action, compensatory damages in the sum of One Million Dollars ($1,000,000.00);

b) On the Second Cause of Action, compensatory damages in the sum of One Million Dollars ($1,000,000.00);

c) On the Third Cause of Action, compensatory damages in the sum of Two Million Dollars ($2,000,000.00);

d) On the Fourth Cause of Action, compensatory damages in the sum of One Hundred Thousand Dollars ($100,000.00);

e) On the Fifth Cause of Action, compensatory damages in the sum of One Million Dollars ($1,000,000.00);

f) On the Sixth Cause pf Action, compensatory damages in the sum of One Million Dollars ($1,000,000.00);

g) On the Seventh Cause of Action, compensatory damages in the sum of Two Million Dollars ($2,000,000.00);

h) Punitive damages against each of the individual defendants in an amount yet to be determined;

i) Attorney's fees;

j) Such other or further relief, including costs, disbursements and interests, as to this Court shall seem just and proper in the circumstances.

Dated: New York, New York
May 8, 2026

**LAW OFFICES OF K.C. OKOLI, P.C.**
Attorneys for Plaintiffs
TOBENNA ERIKE and
CHIKEZIE NWANKWO
5 Penn Plaza, 23rd Floor
New York, New York 10001

(212) 564-8154

By: */s/ K.C. Okoli*
K.C. Okoli, Esq.

**FOR SERVICE ON:**

STEVEN BANKS
Corporation Counsel, City of New York
c/o Christine Colalillo
New York City Law Department
100 Church Street
New York, New York 10007
*Attorney for Defendants City of New York, Andre Durant & Rafael De La Cruz*

Robert Stevens, Tax #970241
NYPD, 9th Precinct
321 East 5th Street
New York, NY 10003

Jason Wu, Tax #974659
NYPD, 9th Precinct
321 East 5th Street
New York, NY 10003

Christopher Soto, Tax #974562
NYPD, 9th Precinct
321 East 5th Street
New York, NY 10003

Jason Wu, Tax #947659
NYPD, 9th Precinct
321 East 5th Street
New York, NY 10003

Olivia Whitmer
62 Avenue B
New York, NY 10009

Shannon McNeill
5316 Lakeshore Avenue
Westerville, OH 43082

Clara Weber
126 Penwood Road
Lakeside Park, KY 41017

JANE DOE #1
One Police Plaza
New York, New York 10038