UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X Case No. 25-cv-06908-AKH
TOBENNA ERIKE and CHIKEZIE NWANKWO,

Plaintiffs,

-against-

CITY OF NEW YORK, P.O. ANDRE DURANT, Shield #4171, ROBERT STEVENS, Tax #970241, CHRISTOPHER SOTO, Tax #974562, JANE DOE #1 (The person intended being female, and one of the first two officers who seized Tobenna Erike when Erike was pushed out of Niagara bar), P.O. RAFAEL DeLaCRUZ, Tax #945652, JASON WU, Tax #947659, OLIVIA WHITMER, SHANNON McNEILL, and CLARA WEBER,

Defendants.
--------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

LEWIS JOHS AVALLONE AVILES, LLP
1377 Motor Parkway, Suite 400
Islandia, New York 11749
(631) 755-0101

*Attorneys for Defendant Olivia Whitmer*

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT....................................................................................................1

STATEMENT OF FACTS ......................................................................................................2

A. Factual Background ............................................................................................................2

B. Instant Lawsuit and Procedural History.............................................................................2

LEGAL ARGUMENT ...........................................................................................................3

I. STANDARD OF REVIEW ..................................................................................................3

II. PLAINTIFFS FAILED TO PLAUSIBLY ALLEGE 1983 CLAIMS AGAINST DEFENDANT BECAUES SHE IS NOT A STATE ACTOR.......................................4

III. PLAINTIFFS FAILED TO PLAUSIBLY ALLEGE A VIOLATIN OF THE EQUAL BENEFITS CLAUSE AGAINST DEFENDANT UNDER 42 U.S.C. § 1981..............................................................................................7

IV. PLAINTIFFS FAILED TO PLAUSIBLY ALLEGE ANY TORT CLAIMS AGAINST MS. WHITMER ..............................................................................8

A. Common Law False Arrest, and Common Law Battery Against Ms. Whitmer are Time-Barred ....................................................................................8

B. Plaintiffs Failed to Plausibly Allege Facts to Establish Claims for Common Law False Arrest and Malicious Prosecution Against Ms. Whitmer ........................8

i. False Arrest ..............................................................................................9

ii. Malicious Prosecution...............................................................................9

C. Plaintiffs Failed to Plausibly Allege Any Physical Contact Between Ms. Whitmer and Them to Support a Claim for Battery...............................................10

CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexiadis v. New York College of Health Professions*,
891 F. Supp.2d 418 (E.D.N.Y. 2012) .... 9

*Am. Mfrs. Mut. Ins. Co. v. Sullivan,*
526 U.S. 40 (1999) .... 4

*Aprahamian v. Sandoz, Inc.,*
24-cv-9045, 2026 WL 221286 (S.D.N.Y Jan. 28, 2026) .... 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .... 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .... 3

*Bellissimo v. Mitchell*,
122 A.D.3d 560 (2d Dep't 2014) .... 8

*Benzinger v. NYSARC, Inc. New York City Chapter*,
385 F. Supp. 3d 224 (S.D.N.Y. 2019) .... 7

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,*
531 U.S. 288 (2001) .... 4

*Ciambriello v. County of Nassau*,
292 F.3d 307 (2d Cir. 2002) .... 5

*Comcast Corporation v. National Association of African American-owned Media*,
589 U.S. 327 (2020) .... 7

*Cranley v. Nat'l Life Ins. Co. of Vt.,*
318 F.3d 105 (2d Cir. 2003) .... 4, 5

*Cunninham v. New York City*,
2008 WL 1944696 (S.D.N.Y May 1, 2008) .... 10

*Du Chateau v. Metro-North Commuter R. Co.,*
253 A.D.2d 128 (1st Dep't 1999) .... 8, 9

*Fabrikant v. French*,
691 F.3d 193 (2d Cir. 2012) .... 4, 5

*Fouche v. St. Charles Hosp.*,
64 F. Supp. 3d 452 (E.D.N.Y. 2014) ........ 7

*Ginsberg v. Healey Car & Truck Leasing, Inc.*,
189 F.2d 268 (2d Cir. 1999)........ 6

*Goel v. Bunge, Ltd.*,
820 F.3d 554 (2d Cir. 2016)........ 4

*Harrison v. New York,*
95 F. Supp.3d 293 (E.D.N.Y 2015) ........ 5

*Hincapie v. City of New York*,
434 F. Supp. 3d 61 (S.D.N.Y 2020)........ 8

*Kings v. Crossland Sav. Bank.,*
111 F.3d 251 (2d Cir. 1997)........ 9

*Kraft v. City of New York*,
696 F. Supp. 2d 403 (S.D.N.Y. 2010)........ 8

*Lugar v. Edmondson Oil Co.,*
457 U.S. 922 (1982)........ 4

*Rendell-Baker v. Kohn,*
457 U.S. 830 (1982)........ 4

*Savarese v. City of New York*,
547 F. Supp 305 (S.D.N.Y 2021) ........ 9

*Savino v. City of New York*,
331 F.3d 63 (2d Cir. 2003)........ 9

*Sybalski v. Indep. Group Home Living Program, Inc.*,
546 F.3d 255 (2d Cir. 2008)........ 5

*Tancredi v. Metro. Life Ins. Co.,*
316 F.3d 308 (2d Cir. 2003)........ 4

**Page(s)**

**Statutes**

C.P.L.R. § 215(3) .......... 8

42 U.S.C. § 1981 .......... i, 2, 7

42 U.S.C. § 1981(a) .......... 7

42 U.S.C. § 1983 .......... 4, 5, 6, 9

N.Y. Civil Rights Law §§ 70-a and 76 .......... 1

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 2, 3

Fed. R. Civ. P. 8(a)(2) .......... 3

**PRELIMINARY STATEMENT**

Defendant Olivia Whitmer ("Ms. Whitmer") is a crime victim, who reported a crime. Plaintiffs now seek to punish her for reporting that crime by naming her as a defendant in a frivolous lawsuit. Plaintiffs' Amended Complaint alleges seven causes of action against eight separate defendants, including Ms. Whitmer, failing to identify which claim for relief is asserted against which defendant. Unclear which allegations are even against Ms. Whitmer, we address each claim directly.

Prior to filing this motion, Ms. Whitmer notified Plaintiffs and their counsel that the Amended Complaint alleged no claim against Ms. Whitmer under any theory of liability and that the lawsuit itself constituted a strategic lawsuit against public participation ("SLAPP") in violation of N.Y. Civil Rights Law §§ 70-a and 76. Despite this notice, Plaintiffs continued this lawsuit against Ms. Whitmer, warranting this motion.

Plaintiffs failed to plausibly allege a single claim against Ms. Whitmer. First, Plaintiffs Section 1983 claims against Ms. Whitmer fail as she is not a state actor. The sole allegation in the Amended Complaint against Ms. Whitmer is that she reported the crime committed against her to the police. Settled law makes clear that Ms. Whitmer, a young woman, and a victim of theft, reporting information to the police regarding said theft, does not constitute state action. If it did, every crime victim who reported those crimes to the police would be subject to potential liability under Section 1983. Not only is this not the law, but lawsuits like Plaintiffs against Ms. Whitmer would disincentivize all crime victims from reporting crimes to the police for fear of potential civil liability, resulting in a chilling effect that flies in the face of strong public policy favoring reporting crimes.

Plaintiffs' equal benefit clause claim under Section 1981 fairs no better. The Amended Complaint does not contain a single allegation to even suggest that Ms. Whitmer reported the crime committed against her because of Plaintiffs' race.

Plaintiffs' tort claims against Ms. Whitmer for common law false arrest, malicious prosecution, and common law battery also fail both procedurally and substantively. Procedurally, Plaintiffs' claims for common law false arrest and common law battery are subject to a one-year statute of limitations and are time-barred. The tort claims also substantively fail because the *only* allegation concerning Ms. Whitmer was that she reported the crime against her to the police. That sole allegation falls woefully short of the pleading standard for all three tort claims.

Accordingly, Defendant respectfully requests that the Court dismiss all claims asserted against Ms. Whitmer under Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

### A. Factual Background[1]

On October 27, 2024, Ms. Whitmer attended an event at St. Dymphna's, a bar located at 117 Avenue A, New York, New York. At the event, her and two other individuals had their phones and wallets stolen and identified the Plaintiffs as the potential perpetrators to law enforcement.

### B. Instant Lawsuit and Procedural History

Plaintiff filed this lawsuit on August 29, 2025. *See* Staiano Decl. Ex. A. It was not until August 3, 2026[2], that Plaintiffs filed an Amended Complaint, naming Ms. Whitmer as a defendant. ("Amended Complaint"). *See* Staiano Decl. B. Plaintiffs did not serve Ms. Whitmer until September 4, 2026. Upon receiving notice of the Amended Complaint, Counsel for Ms. Whitmer

---

[1] All factual allegations are taken from the Amended Complaint and are assumed to be true for purposes of this motion to the extent required by law.

[2] Note that the Amended Complaint is dated May 8, 2026.

sent Plaintiffs' counsel a demand letter on September 15, 2026 ("Demand Letter") demanding that the lawsuit against Ms. Whitmer be discontinued in their entirety with prejudice.[3] *See* Staiano Decl. Ex. C.

## LEGAL ARGUMENT

### I. STANDARD OF REVIEW

To defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the party opposing the motion must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when it has "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."

To avoid dismissal, the pleadings must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. If the pleading party has not "nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Twombly*, 550 U.S. at 570. Although the Court must accept as true the allegations in the complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

A "court adjudicating [a 12(b)(6) motion] may review only a narrow universe of materials," which generally includes "facts stated on the face of the complaint…documents appended to the

---

[3] The Demand Letter was sent to Plaintiffs' counsel on September 15, 2026, demanding that the lawsuit against Ms. Whitmer be discontinued in its entirety, with prejudice, as it fails to plausibly state any claim against her, and constituted a violation of New Yorks anti-SLAPP law. In addition to seeking dismissal here, Ms. Whitmer intends to pursue affirmative claims against Plaintiffs under the SLAPP law for attorneys' fees and damages.

complaint or incorporated in the complaint by reference and…matters of which judicial notice may be taken," and documents "integral" to the complaint. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (internal citations omitted).

### II. PLAINTIFFS FAILED TO PLAUSIBLY ALLEGE 1983 CLAIMS AGAINST DEFENDANT BECAUSE SHE IS NOT A STATE ACTOR

Plaintiffs' claims against Defendant Whitmer for unlawful seizure pursuant to 42 U.S.C. § 1983 is not plausible on its face and thus fails as a matter of law. Section 1983 provides a means for injured parties to take action against those acting under color of state law. *See Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (citing 42 U.S.C. § 1983). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003); *see also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 n.2 (2001) ("If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes.").

"[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982) (emphasis omitted)). "Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action." *Rendell-Baker v. Kohn,* 457 U.S. 830, 847 (1982) (internal quotation marks omitted). However, a private entity is not transformed into a state actor for purposes of Section 1983 merely on the basis of "the private entity's creation, funding, licensing, or regulation by the government." *Cranley v.*

*Nat'l Life Ins. Co. of Vt.,* 318 F.3d 105, 112 (2d Cir. 2003). "Rather, 'there must be such a close nexus between the [s]tate and the challenged action' that the state is 'responsible for the specific conduct of which the plaintiff complains.'" *Fabrikant*, 691 F.3d at 206-07 (citing *Cranley*, 318 F.3d at 111 (internal quotation marks omitted)). "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). Such a nexus may exist where the private individual was a "willful participant in joint activity with the State or its agents or where the private actor conspire[d] with a state official to violate the plaintiff's constitutional rights." *Harrison v. New York,* 95 F. Supp.3d 293, 322 (E.D.N.Y 2015).

The three tests used to determine whether a challenged action of a private party may be attributable to the State are as follows:

> (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ("the compulsion test"); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ("the joint action test" or "close nexus test"); or (3) when the entity has been delegated a public function by the state ("the public function test").

*Fabrikant*, 691 F.3d at 207 (quoting *Sybalski v. Indep. Group Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). To establish joint action, a plaintiff must at a minimum allege that the private citizen and the state official "shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." *Harrison,* 95 F. Supp.3d at 322.

It is well settled that merely providing information to law enforcement does not render the supplier of the information a state actor. *Id.* at. 323 (… "the summoning of police officers or the provision of information to police officers, even if that information is false or results in the officers taking affirmative action, is not sufficient to constitute joint action with state actors for purposes

of Section 1983"); *see also Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.2d 268, 272 (2d Cir. 1999) (Holding that a defendant's "provision of background information to a police officer [did] not by itself make [her] a joint participant in state action under Section 1983"); *see also Aprahamian v. Sandoz, Inc.,* 24-cv-9045, 2026 WL 221286 *11 (S.D.N.Y Jan. 28, 2026) ("Allegations that a private party furnished information to law enforcement—even if allegedly false or misleading—do not transform private conduct into state action").

Plaintiff has failed to allege a single fact in the Amended Complaint that Defendant Whitmer did anything more than provide information to law enforcement. *See, e.g.,* Amended Complaint at ¶13 ("Upon information and belief, Olivia Whitmer ("WHITMER"), Shannon McNeill ("McNEILL"), and Clara Weber ("WEBER") were the alleged complaining victims who falsely informed law enforcement officers, that ERIKE and NWANKWO had stolen their personal property while inside St. Dymphna's, a bar located at 117 Avenue A, New York, New York, across the street from where ERIKE and NWANKWO were seized and taken into custody on October 27, 2024.") The only other allegation even related to Ms. Whitmer was a conclusory statement that Ms. Whitmer was "acting in concert with the aforesaid law enforcement officers…". *See* Amended Complaint at ¶19. Plaintiffs have not alleged at all, let alone plausibly alleged that Ms. Whitmer intentionally provided false information to the police with the intent to deprive Plaintiffs of any rights. Plaintiffs only make the conclusory assertion that Ms. Whitmer was "acting in concert" with law enforcement. Accordingly, Plaintiffs have not plausibly alleged that Ms. Whitmer, through her conduct, was a state actor, thus the unlawful seizure claims and malicious prosecution claims to the extent Plaintiffs brought them under Section 1983, must be dismissed.

## III. PLAINTIFFS FAILED TO PLAUSIBLY ALLEGE A VIOLATION OF THE EQUAL BENEFITS CLAUSE AGAINST DEFENDANT UNDER 42 U.S.C. § 1981

The basis for Plaintiffs' 1981 claims are unclear, however, the distinction is immaterial because the allegations of the Amended Complaint to not support a claim for discrimination under any theory, including 42 U.S.C. § 1981.

To prevail under 42 U.S.C. § 1981, plaintiffs bears the burden in their initial pleading of showing that "but for race, it would not have suffered the loss of a legally protected right." *Comcast Corporation v. National Association of African American-owned Media*, 589 U.S. 327, 341 (2020). Naked assertions of race discrimination, without any supporting facts, are insufficient to state a Section 1981 claim. *See Fouche v. St. Charles Hosp.*, 64 F. Supp. 3d 452, 457 (E.D.N.Y. 2014).

The equal-benefit clause refers to the right to the "full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a). To establish a violation of Section 1981's guarantee of "full and equal benefit" of laws, a plaintiff must "[i] allege racial animus …; [ii] identify a relevant law or proceeding for the security of persons and property; and [iii] allege that defendants deprived them of the full and equal benefit thereof." *Benzinger v. NYSARC, Inc. New York City Chapter*, 385 F. Supp. 3d 224, 235 (S.D.N.Y. 2019)(internal quotations and citations omitted).

Plaintiffs make the conclusory statement that they believe they were profiled as Black/African Americans and treated the way they were because they were the only Black/African Americans who were present at the bar. Plaintiffs fail to plead any facts that Ms. Whitmer had a racial animus towards Plaintiffs, in fact, her name is not even mentioned in the facts under this section in the Amended Complaint. Plaintiffs have not and cannot plausibly allege "but for"

causation here either. Accordingly, Plaintiffs' Seventh claim against Ms. Whitmer should be dismissed.

## IV. PLAINTIFFS FAILED TO PLAUSIBLY ALLEGE ANY TORT CLAIMS AGAINST MS. WHITMER

### a. Common Law False Arrest, and Common Law Battery Against Ms. Whitmer are Time-Barred

Under New York law, "[c]auses of action based on false arrest and false imprisonment accrue upon the subject's release from confinement and are governed by a one-year statute of limitations." *Hincapie v. City of New York*, 434 F. Supp. 3d 61 (S.D.N.Y 2020) (citing *Bellissimo v. Mitchell*, 122 A.D.3d 560, 560 (2d Dep't 2014)); *see also* C.P.L.R. § 215(3). Common law battery also has a statute of limitations of one year. C.P.L.R. § 215(3). Plaintiffs' Amended Complaint alleges that they were in police custody until 8:30 am on October 27, 2024. *See* Staiano Decl. B.

### b. Plaintiffs Failed to Plausibly Allege Facts to Establish Claims for Common Law False Arrest and Malicious Prosecution Against Ms. Whitmer

"It is well settled in this State's jurisprudence that a civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution." *Du Chateau v. Metro-North Commuter R. Co.,* 253 A.D.2d 128, 131 (1st Dep't 1999); *see also Kraft v. City of New York*, 696 F. Supp. 2d 403 (S.D.N.Y. 2010) ("[A] civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution." (internal citations omitted).

**i. False Arrest**

The elements of a false arrest claim under New York law are substantially the same as a claim for false arrest under Section 1983. *Savarese v. City of New York*, 547 F. Supp 305, 324 (S.D.N.Y 2021). "To establish a claim for false arrest and imprisonment, a plaintiff must prove: "(1) the defendant intended to confine plaintiff; (2) plaintiff was conscious of the confinement; (3) did not consent to such confinement; and (4) the confinement was not otherwise privileged." *Savarese*, 547 F. Supp at 305 citing *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003).

"The mere identification of a potential culprit does not give rise to liability." *Kings v. Crossland Sav. Bank.,* 111 F.3d 251, 257 (2d Cir. 1997). Further, an allegation that there was a failure to investigate does not provide a basis for false arrest "whether the failure to investigate is on the part of the police, or, [ ] on a private individual allegedly acting in concert with the police by providing information to the police." *Alexiadis v. New York College of Health Professions*, 891 F. Supp.2d 418 (E.D.N.Y. 2012).

The Amended Complaint contains no allegations that Ms. Whitmer intended to confine Plaintiffs. The allegation is merely that Ms. Whitmer (and others) reported incorrect information to the police. No plausible claim for false arrest has been made.

**ii. Malicious Prosecution**

To state a successful claim for malicious prosecution, a plaintiff must demonstrate: "(1) initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Du Chateau v. Metro-North Commuter R. Co.,* 253 A.D.2d 128, 131 (1st Dep't 1999). Notwithstanding Plaintiffs clear lack of factual allegations against Ms. Whitmer, the malicious prosecution nonetheless fails, because Ms. Whitmer did not initiate any proceeding against Plaintiffs. The police, not Ms. Whitmer, made whatever determinations that led to

Plaintiffs' custody, arrest, and charging and the Amended Complaint does not allege otherwise. Ms. Whitmer's involvement was limited to providing information to the police regarding the theft.

c. **Plaintiffs Failed to Plausibly Allege Any Physical Contact Between Ms. Whitmer and Them to Support a Claim for Battery**

A claim for civil battery is defined as "an intentional wrongful physical contact with another person without consent." *Cunninham v. New York City*, 2008 WL 1944696 *1 (S.D.N.Y May 1, 2008). The Amended Complaint does not allege that Ms. Whitmer touched either of the Plaintiffs., which necessitates that that claim for relief against her be dismissed.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the Defendant's motion to dismiss Plaintiffs' Amended Complaint as against Ms. Whitmer be granted in its entirety with prejudice, together with costs, attorneys' fees, and disbursements. and for such other and further relief deemed just and proper.

Dated: Islandia, New York
September 24, 2026

Respectfully submitted,

LEWIS JOHS AVALLONE AVILES, LLP

By: /s/ Teresa L. Staiano

Teresa L. Staiano
Michael J. Del Piano
1377 Motor Parkway, Suite 400
Islandia, New York 11749
(631) 755-0101
tlstaiano@lewisjohs.com
mjdelpiano@lewisjohs.com

*Attorneys for Defendant Olivia Whitmer*

## WORD COUNT CERTIFICATION

I hereby certify that the word count of this Memorandum of Law complies with the word count limits of Local Civil Rule 7.1(c). According to the word-processing system used to prepare this Memorandum of Law, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) is 3,030.

I certify under the penalty of perjury that the foregoing is true and correct.

/s/ Teresa L. Staiano
Teresa L. Staiano