UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X Case No. 25 Civ. 06908 (AKH)
TOBENNA ERIKE and CHIKEZIE NWANKWO,

Plaintiffs

-against-

CITY OF NEW YORK, P.O. ANDRE DURANT, Shield #4171, ROBERT STEVENS, Tax #970241, CHRISTOPHER SOTO, Tax #974562, JANE DOE #1 (The person intended being female, and one of the first two officers who seized Tobenna Erike when Erike was pushed out of Niagara bar), P.O. RAFAEL DeLaCRUZ, Tax #945652, JASON WU, Tax #947659, OLIVIA WHITMER, SHANNON McNEILL, and CLARA WEBER,

Defendants
--------------------------------------------------------------------X

==========================================================

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS COMPLAINT BY OLIVIA WHITMER**

==========================================================

**LAW OFFICES OF K.C. OKOLI, P.C.**
5 Penn Plaza, 19th Floor
New York, N.Y. 10001
(212) 564-8152 (voice)
(212) 268-3443 (fax)

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| PRELIMINARY STATEMENT | 3-6 |
| STATEMENT OF MATERIAL FACTS | 6 |
| STANDARDS OF REVIEW OF RULE 12(b)(6)MOTION TO DISMISS | 6-7 |
| ARGUMENT | 7 |
| POINT I | 7-11 |
| WHITMER IS LIABLE UNDER THE FOURTH AMENDMENT BASED UPON HER JOINT PARICIPATION WITH THE POLICE IN THE VIOLATION OF PLAINTIFFS' RIGHTS | |
| POINT II | 11-13 |
| WHITMER IS LIABLE FOR COMMON LAW FALSE ARREST AND MALICIOUS PROSECUTION OF PLAINTIFFS IN THIS MATTER | |
| POINT III | 13-14 |
| THE DOCTRINE OF 'RELATION BACK' APPLIES TO WHITMER | |
| CONCLUSION | 14 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X Case No. 25 Civ. 06908 (AKH)
TOBENNA ERIKE and CHIKEZIE NWANKWO,

Plaintiffs

-against-

CITY OF NEW YORK, P.O. ANDRE DURANT, Shield #4171, ROBERT STEVENS, Tax #970241, CHRISTOPHER SOTO, Tax #974562, JANE DOE #1 (The person intended being female, and one of the first two officers who seized Tobenna Erike when Erike was pushed out of Niagara bar), P.O. RAFAEL DeLaCRUZ, Tax #945652, JASON WU, Tax #947659, OLIVIA WHITMER, SHANNON McNEILL, and CLARA WEBER,

Defendants
-------------------------------------------------------------------X

MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT BY OLIVIA WHITMER

## PRELIMINARY STATEMENT

Defendant Olivia Whitmer is not a crime victim but a malevolent individual who picked on the only two Blacks at the birthday party of Benjamin Strauss, and falsely accused them of a crime that never happened. As if that was not enough, Ms. Whitmer got her friends, Shannon McNeill and Clara Weber, to provide to the police, a fabricated support for her machinations. There is not a single demonstrable fact to support the claim that Ms. Whitmer lost any personal property whatsoever to criminals on October 27, 2024, at St. Dymphna's.

This is a 42 U.S.C. §1983 case concerning the violation of the Plaintiffs' right against unlawful seizure guaranteed by the Fourth Amendment to the United States Constitution. Olivia Whitmer, who Plaintiffs had never met, fabricated and falsely reported to New York City

Department police officers that Plaintiffs stole her wallet containing personal belongings inside St. Dymphna's, a Manhattan Bar. Remarkably, discovery has shown that Ms. Whitmer did not report the alleged theft to the police officers stationed in the vicinity of St. Dymphna's and Niagara, another bar. Nor is there evidence that she promptly reported the alleged theft to the bar security. Apparently, Ms. Whitmer left St. Dymphna's, where the theft allegedly occurred, went home, and then called 911 from her home to report this alleged theft.

Plaintiffs were at St. Dymphna's because Tobenna. Erike had been invited to a birthday party there by one Benjamin Strauss, a fitness client of Mr. Erike's. In addition to being a Certified Fitness Instructor and Nutritionist, Mr. Erike holds a double Master of Business Administration and Master of Public Health degrees from Rutgers University, and is an Adjunct Professor at Middlesex College, Edison, New Jersey. Chikezie Nwankwo is Mr. Erike's friend, and holds a Bachelor of Science degree in Chemistry. Mr. Nwankwo is music conservatory-trained Baritenor who is currently on a Broadway Show tour of the United States. Plaintiffs who did not know anyone else at the party, other than Benjamin Strauss, did not attend the party with anyone else, and were the only Blacks at Mr. Strauss's party.

After spending time at St. Dymphna's, Plaintiffs left St. Dymphna's and walked over to Niagara, just across the street, to continue spending their night out. Plaintiffs were at Niagara for only a few minutes when they were approached and seized by police officers and searched. Initially, when Plaintiffs asked the officers why they were being arrested and searched, no one told them. Plaintiffs felt embarrassed and humiliated for being treated like common criminals in a public place. It was not until Plaintiffs were taken to the police precinct did the police inform them that they were arrested based upon the complaint of Olivia Whitmer that Plaintiffs had

stolen her personal belongings. Plaintiffs were shocked and furious, and denied the accusation made against them.

Plaintiffs asked the police officers why the police did not find any of the alleged stolen items on them despite being promptly and thoroughly searching, both at Niagara and subsequently at the precinct. The officers simply responded that *Plaintiffs may have passed on the stolen items to their "accomplices*." Since Plaintiffs had no one else in their company from when they arrived at St. Dymphna's to when the police arrested them, they thought it was a sick joke, and that their "accomplices" must have been the figment of the police officers' imagination.

Plaintiffs later reviewed police documents and videos produced by defendants in discovery which showed Olivia Whitmer in multiple videos telling police officers a completely fabricated story about the criminal conduct of Plaintiffs. Ms. Whitmer's friends, Shannon McNeill and Clara Weber, also told fabricated stories to the police to back up Ms. Whitmer's false narrative. Indeed, Ms. McNeill also claimed, in one of the videos, that she discovered her cellphone missing shortly after Mr. Nwankwo touched her left thigh, and hugged her, the very same way Mr. Nwankwo had allegedly hugged Ms. Whitmer.

To this day, there is not a single credible fact to back up the claim that Ms. Whitmer and Ms. McNeill lost any personal items at St. Dymphna's on October 27, 2024, let alone that said personal items were stolen by Plaintiffs. Not only did Ms. Whitmer tell this fabricated story of stolen personal items to the police, she got her friends, Shannon McNeill and Clara Weber, to provide the police with a false narrative to bolster her fabricated story. The police produced multiple videos wherein Ms. Whitmer and her friends told and embellished these false stories to the police.

The upshot is that Olivia Whitmer did not report a crime to the police. Instead, for reasons only known to her, she fabricated a crime that never happened and importuned her friends, Shannon McNeill and Clara Weber, to support her fabricated and false narrative. She participated jointly with the defendant police officers to arrest Plaintiffs. If she meant her conduct as a joke, it was a very expensive joke that went too far. But for Ms. Whitmer's dastardly conduct, Plaintiffs, who are upstanding citizens of the United States, would not have been embarrassed and humiliated publicly like common criminals. Ms. Whitmer's motion to dismiss should be denied.

## **STATEMENT OF MATERIAL FACTS**

The facts necessary for the determination of Defendant Whitmer's motion to dismiss are contained in the Amended Complaint, and the Declarations of Tobenna Erike, Chikezie Nwankwo and K.C. Okoli served herewith.

## **STANDARDS OF REVIEW OF RULE 12 (b)(6) MOTION TO DISMISS**

1. Federal Rules of Civil Procedure, 8 governs the pleading standard in *all civil actions* and proceedings in the United States district courts. *Ashcroft v. Iqbal*, 556 U.S. 662.
2. Federal court may not apply a heightened pleading standard - more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil procedure – in civil rights cases alleging municipal liability under 42 USC §1983. *Leatherman Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, at 164.
3. The purpose of motion to dismiss under Rule 12(b)(6) is to assess the legal feasibility of the complaint, not to weigh the evidence which plaintiff offers or intends to offer; motion should ***not*** be granted on ground that possibility of ultimate recovery is remote. *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F. Supp. 1314 (SDNY 1989).

4. A federal court's task in determining the sufficiency of a complaint on a motion to dismiss is "necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974).

5. In a Rule 12(b)(6) motion to dismiss, the court is required to accept as true all the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir. 1989); *Koch v. Christie's Int'l, PLC.* 699 F.3d 141, 145 (2d Cir. 2012).

6. In reviewing the sufficiency of a complaint, the *issue is not* whether a plaintiff will ultimately prevail *but whether the plaintiff is entitled to offer evidence to support the claims*. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506.

7. Motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Walsh v. McGhee,* 919 F. Supp. 107 (SDNY 1996).

**8.** A motion to dismiss should be *granted only* if "it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

## ARGUMENT

### POINT I

### WHITMER IS LIABLE UNDER THE FOURTH AMENDMENT BASED UPON HER *JOINT PARTICIPATION* WITH THE POLICE IN THE VIOLATION OF PLAINTIFFS' RIGHTS

As noted above, this is a 42 U.S.C. §1983 and §1981 case. Therefore, §§1981 and 1983 jurisprudence applies to this case. A private individual who *participates jointly* with a "state actor," like the police officers here, to bring about a constitutional violation, is as guilty as the state actor for the violation. Here, Defendant Whitmer worked *jointly* with the police officers by

fabricating nonexistent evidence of theft by the plaintiffs, which she and her friends, Shannon McNeill and Clara Weber, gave to the police to support the unlawful seizure of the Plaintiffs on October 27, 2024.

The joint participation test requires a showing of a conspiracy or *other concerted action*. A conspiracy requires an agreement or meeting of the minds to violate federally protected rights; *although each participant need not know the details of the plan, they must share a common objective. See United Steelworkers v. Phelps Dodge,* 865 F.2d 1539. Here, while the police officers may not know the details of Ms. Whitmer's plan, they certainly share with her, the common objective of arresting and taking the Plaintiffs into police custody.

Perhaps, if Ms. Whitmer's fabricated claim had stood alone, it might not have sufficed to cause the police officers to seize Plaintiffs. But she did more. She got her friends to "corroborate" her false claims. Indeed, the videotapes provided by the police in discovery show that Ms. Whitmer and her friends spoke to the police officers multiple times, clarifying and adding to their initial story before the police proceeded to arrest Plaintiffs. The clear inference from the videotaped additional police interviews of Ms. Whitmer and her friends is that the police was looking to arrest Plaintiffs, and needed additional information to be able to make the arrest. Ms. Whitmer and her friends willfully provided the additional evidence when they clarified their initial statements, and provided additional information which enabled the police to unlawfully seize Plaintiffs.

Ms. Whitmer and her friends profiled Plaintiffs – the only Blacks who attended Benjamin Strauss's party at St. Dymphna's. And the clear *common objective* between Ms. Whitmer and the defendant police officers was the unlawful seizure of the Plaintiffs. Ms. Whitmer had to know that her fabricated information would most likely lead the police to arrest Plaintiffs. She gave

this information to the police nonetheless. The resulting arrest is a violation of Plaintiffs' right to be free from unreasonable seizure guaranteed by the Fourth Amendment to the United States Constitution.

The Supreme Court held in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, that concerted action between a private person and as public official provides a basis for finding state action, whether the public official acts in accordance with or in violation of state law, so long as the official was exercising state authority. The Court further held that a non-state actor, like Ms. Whitmer, who acts *jointly* with a state actor (police officers) to violate the constitutional rights of a citizen could be equally liable for such violation. The videotapes of the interactions of Ms. Whitmer and her friends, on the one hand, and the defendant police officers, on the other, clearly show that the officers and Ms. Whitmer had a *common objective*, the seizure of the Plaintiffs.

Ms. Whitmer *participated jointly* with the police officers here to bring about the seizure of Plaintiffs. Ms. Whitmer did more than seek police help, or provide false information to the police and walk away. She did much more. Together with her friends, she continued to provide further information and clarification to the police to bring about the unlawful seizure of the Plaintiffs.

Ms. Whitmer contends that she is not liable under Section 1983 because she is not a "state actor." *See* Defendant's Memorandum of Law, pages 4-6. (ECF 69). Defendant's contention does not represent the law. Contrary to Ms. Whitmer's position, she does not personally have to be a "state actor" to be held liable for violation of Plaintiffs' rights guaranteed by the Fourth Amendment. All that she needs to do to be liable is to *participate jointly* with a state actor, like the police officers in this case who violated Plaintiffs' rights. To act 'under color' of law does not require that Ms. Whitmer be an officer of the state. "It is enough that [she] is a

willful participant in joint activity with the state or its agents." *United States v. Price,* 383 U.S. 787, 794.

The cases cited in support of Ms. Whitmer's contention are inapposite to the extent that they do not deal with *private individuals who participated jointly* with a state actor. *Adickes* and the other cases which deal with joint participation of private individuals with state actors are more to the point.

With regard to the contention that the allegations of the Amended Complaint herein are insufficient, the defendant is wrong again. The allegations of the Amended Complaint give sufficient notice to Ms. Whitmer as to the basis of the claim against her and Plaintiffs' entitlement to relief. In *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165, the Supreme Court cited with approval, *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624, wherein it was stated thus: "[A] claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss *even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice*." (Emphasis added).

Among other allegations, here Plaintiffs pleaded thus, in the following paragraphs of the Amended Complaint:

13. Upon information and belief, Olivia Whtmer ("WHITMER"), Shannon McNeill ("McNEILL"), and Clara Weber ("WEBER") were the alleged complaining victims who falsely informed law enforcement officers, that ERIKE and NWANKWO had stolen their personal property while inside St. Dymphna's, a bar located at 117 Avenue A, New York, New York, across the street from where ERIKE and NWANKWO were seized and taken into custody on October 27, 2024.

……………………………………………………..

19. At all relevant times, WHITMER, McNEILL and WEBER were acting in concert with the aforesaid law enforcement officers for the arrest and detention of Plaintiffs ERIKE and NWANKWO.

20. As a result of the aforesaid false allegation of theft against ERIKE and NWANKWO by WHITMER, McNEILL and WEBER, both ERIKE and NWANKWO were seized and detained

by the law enforcement officers, in violation of their rights guaranteed under the Fourth Amendment to the United States Constitution. (ECF 16).

The allegations against Ms. Whitmer in this action are far more than the allegation cited as sufficient in *Leatherman, supra*. Besides, the discovery done thus far demonstrates that Ms. Whitmer *jointly participated* with the defendant police officers to bring about the seizure of Plaintiffs by the police.

Plaintiffs who were by themselves, did not enter any vehicle, or interact with anyone else, from when they left St. Dymphna's and went across the street into Niagara, where they were promptly seized and searched by the police. None of the allegedly stolen items belonging to Ms. Whitmer or anyone else was ever found on Plaintiffs. In *Dennis v. Sparks,* 449 U.S. 24, a person sued a state court judge and some private parties for conspiracy to bribe the judge to obtain an injunction against him. It was held that the fact that case was dismissed as to the immune state judge did not require dismissal against the remaining private parties accused of conspiring with the judge. It was further held that the allegations against the state judge were sufficient to assert action under color of law against the private parties.

## POINT II

## WHITMER IS LIABLE FOR COMMON LAW FALSE ARREST AND MALICIOUS PROSECUTION OF PLAINTIFFS IN THIS MATTER

By knowingly fabricating a crime which never happened and reporting this *false information* to the police, which led to the arrest of Plaintiffs on October 27, 2024, Ms. Whitmer is liable for the resulting false arrest and malicious prosecution. Under New York law, Defendant Whitmer's conduct supports a false arrest claim. *See D'Elia v. 58-35 Utopia Parkway Corp.,* 43 A.D.3d 976, 978; *Hughes v. Vento*, 226 A.D.3d 753, 755. In *D'Elia*, the common law theory of concerted action liability was applied which rests on the principle that all those who pursue a

common plan or design to commit tortious action, actively take part in it, or further it by cooperation, etc., are liable. It was held that "[one] who *wrongfully accuses another* of criminal conduct *and induces* or procures *that person's arrest may be liable for false arrest*." (Emphasis added). Plaintiff "Leslie established, by a preponderance of the credible evidence, that he was arrested by police officers based on false allegations made against him by the Alicanti defendants." *Id.,* 978.

It is noteworthy that not a single police officer witnessed the alleged theft that day. And neither Whitmer nor her friends stated that they *observed Plaintiffs taking the alleged personal items from Whitmer*. Whitmer and her friends simply told the police that they were in a crowded bar at St. Dymphna's. Ms. Whitmer further told the police, *albeit falsely*, that Plaintiffs hugged her shortly after which she realized that her wallet containing credit cards and other personal items was missing. Ms. Whitmer's friend, Ms. McNeill also claims that Plaintiff Nwankwo also hugged her, shortly after she discovered that her cell phone was missing. Even though Plaintiff Nwankwo admits having a conversation with Ms. McNeill, he completely denies ever hugging Ms. McNeill or any other female at St. Dymphna's. *See* Declaration of Nwankwo submitted herewith.

Clearly, Plaintiffs were arrested *solely* on the basis of the false information supplied to the police by Ms. Whitmer and her friends. It is noteworthy that Ms. Whitmer and her friends were total strangers to the police officers. So, the police officers could not claim that they based their arrest on *reasonably reliable information provided to them by persons known to them*. Therefore, Defendants police officers who arrested Plaintiffs had *no probable cause to arrest* them at the time they did. Even more astonishing is the fact that Plaintiffs who were in the vicinity of the alleged theft by themselves, were promptly arrested and searched by the police

without yielding the alleged stolen items. But this fact did not stop the police from publicly humiliating them and taking them to the police precinct. The police subsequently commenced the criminal prosecution of the Plaintiffs, again without reasonable or probable cause for such prosecution. The prosecution ended in Plaintiffs favor.

Ms. Whitmer did not just report a crime or seek police assistance. She fabricated a *nonexistent crime* and ascribed it to the Plaintiffs. There is no evidence that, while inside St. Dymphna's, Ms. Whitmer had on her person, the items of personal property which she claimed to have been stolen that night. Nor was any items belonging to Ms. Whitmer ever found in the possession of Plaintiffs who were immediately arrested at the scene and searched. Under New York law, Ms. Whitmer is liable to Plaintiffs for false arrest and malicious prosecution.

POINT III

THE DOCTRINE OF 'RELATION BACK' APPLIES TO WHITMER

Defendant Whitmer contends that the common law claims against her are statute-barred. (ECF 69). As this Memorandum of Law will demonstrate, she is wrong. This suit was commenced on *August 29, 2025*, within the one-year statute of limitations of the common law claims made against Olivia Whitmer. At the commencement of this action, Olivia Whitmer was sued as "JANE DOE #2, (real name unknown), the person intended being the person who filed the false report with the police that plaintiffs stole her credit cards and cell phone on or about October 27, 2024." (ECF 2). At the time, Plaintiffs did not know Ms. Whitmer's true identify but it was clear then, as it is now, that Plaintiffs wanted her as a defendant in this litigation. Plaintiffs gave as much description of her as they could.

This Court already exercised its discretion by allowing Plaintiffs to amend their Complaint by May 8, 2026. (ECF 14). Plaintiffs complied by filing an Amended Complaint

which substituted Olivia Whitmer for JANE DOE #2. (ECF 16). Rule 15(c)(1) of the Federal Rules of Civil Procedure allows an amendment of pleading *to relate back to the date of the original pleading* when relation back is permitted by the law that provides the statute of limitations applicable to the action. The law which provides the statute of limitations applicable to common law false arrest, malicious prosecution and battery is the CPLR. And it permits "relation back" in CPLR 203 (b). *See Stepanian v. Bed, Bath, & Beyond, Inc*., 207 A.D.3d 1182.

As to the Section 1983 Fourth Amendment seizure claim made against her, *as a joint participant with state actor police officers*, Defendant Whitmer does not dispute that a three-year statute of limitations applies. *See Woods v. Candela,* 13 F.3d 574 (2d Cir. 1994); *Leon v. Murphy*, 988 F.2d 303 (2d Cir. 1993).

**CONCLUSION**

For all of the foregoing reasons, Defendant Whitmer's motion to dismiss should be denied with appropriate motion costs to the Plaintiffs.

Dated: New York, New York
November 25, 2026

**LAW OFFICES OF K.C. OKOLI, P.C.**
*Attorneys for Plaintiffs*
TOBENNA ERIKE and
CHIKEZIE NWANKWO
5 Penn Plaza, 19th Floor
New York, New York 10001
(212) 564-8152
kcokoli@verizon.net

By: __*/s/ K.C. Okoli*
K.C. Okoli, Esq.